```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| NORTH AMERICAN SPECIALTY  )<br>INSURANCE COMPANY,        )<br>                           )<br>     Plaintiff,            ) | Civil Action No. 5:09cv49-JMH |
| v.                        ) | (consolidated with 5:08cv486) |
| JOHN PAUL PUCEK, et al.,  )<br>                           )<br>     Defendants.           ) | **MEMORANDUM OPINION AND ORDER** |

** ** ** ** **

This matter is before the Court on the motion of John Paul Pucek, David Fogg, Brett Setzer, and Robert Edwards (the "Owners") to remand this action to Fayette Circuit Court [Record No. 20].[1] North American Specialty Insurance Company ("NAS") responded [Record No. 22] and the Owners replied [Record No. 26]. For the reasons stated below, the Court will grant the Owners' Motion to Remand.

### I.  BACKGROUND

Owners purchased a policy of equine mortality insurance to cover the death of a thoroughbred known as Off Duty (the "Policy"). During the coverage period, Off Duty sustained an injury and was

---

[1] In these consolidated actions the parties, North American Specialty Insurance Company and John Paul Pucek, David Fogg, Brett Setzer, and Roberts Edwards are both plaintiff and defendant, depending on the case number. For ease of reference, the Court will refer to North American Specialty Insurance Company as "NAS," and will refer to John Paul Pucek, David Fogg, Brett Setzer, and Roberts Edwards, collectively, as "Owners."

ultimately euthanized. Owners made a claim for benefits under the Policy, which NAS denied on grounds that are both disputed and irrelevant to the instant motion.[2]

The Policy was issued by NAS. KHI, the managing underwriter of the Policy, acted as NAS's agent with respect to the issuance of the Policy and in collecting and providing information to NAS regarding Owners' claim for benefits under the Policy [Record No. 22 at 2].

On January 12, 2009, the Owners filed suit in Fayette Circuit Court against NAS and its agent, Kirk Horse Insurance ("KHI"), alleging breach of contract, bad faith, violations of Kentucky insurance licensure statutes, and misrepresentation against both NAS and KHI, and alleging tortious interference with a contract against KHI, all arising from NAS's denial of the Owners' claim for benefits under the Policy. NAS removed the action to this Court on February 12, 2009, asserting diversity jurisdiction as the basis for removal. In the Notice of Removal, NAS acknowledges that KHI is not diverse from the Owners, but argues that KHI's citizenship should be ignored for purposes of establishing complete diversity because KHI was fraudulently joined simply to defeat federal

---

[2] A more detailed recitation of the facts underlying both the removed action and the declaratory judgment action filed in this Court by NAS against Owners, can be found in the undersigned's previous Memorandum Opinion and Order dated September 30, 2009 [Record No. 28].

jurisdiction. Owners subsequently filed the instant Motion to Remand this matter to Fayette Circuit Court, arguing that this Court lacks subject matter jurisdiction.

## II. FRAUDULENT JOINDER

### A. Standard

In determining whether KHI, the non-diverse defendant, was fraudulently joined, this Court must determine whether Owners have a colorable basis for their claims against KHI. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). That question is answered using the following standard:

> There can be no fraudulent joinder unless it [is] clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . . Therefore the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. [Restated,] the question [is] whether there was any reasonable basis for predicting that [the plaintiff] could prevail.

*Probus v. Charter Commc'ns, LLC,* 234 F. App'x 404, 406-07 (6th Cir. 2007) (alterations in original) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). NAS, as the removing party, must present sufficient evidence that the Owners could not have established a cause of action against KHI under state law. *Coyne*, 183 F.3d at 493. "[A]ny disputed questions [of] fact and ambiguities in the *controlling* state law [should be resolved] . . . in favor of the nonremoving party." *Alexander,* 13 F.3d 940, 949 (quoting *Carriere v. Sears Roebuck & Co.,* 893 F.2d 98, 100 (5th

3

Cir. 1990)).

**B. Analysis**

Owners' claims against KHI include breach of contract, bad faith, tortious interference with a contract, violation of Kentucky insurance licensing statutes, and misrepresentation. Because the Court finds that Owners have asserted a colorable bad faith claim against KHI, a non-diverse party, complete diversity does not exist and this matter will be remanded to Fayette Circuit Court.[3]

Owners assert bad faith claims against KHI under both the common law and KRS 304.12-230, the Unfair Claims Settlement Practices Act ("UCSPA").[4] KRS 304.12-230 makes it "an unfair claims settlement practice for any person to commit or perform any of" fifteen specified acts or omissions, including "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonable clear." KRS 304.12-230(6). The UCSPA does not define "person," and Kentucky law is unclear as to whether claims under the USCPA, including a bad faith claim under KRS 304.12-230(6), can be asserted against the agents of insurers, such as KHI.

---

[3] Because the Court finds that Owners asserted at least one colorable claim against the non-diverse KHI, the Court need not address Owners' remaining claims against KHI.

[4] The requirements for establishing bad faith are the same under both the common law and the UCSPA. *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000).

4

In *Davidson v. Am. Freightways, Inc.,* 25 S.W.3d 94 (Ky. 2000), the Kentucky Supreme Court sought to clarify to whom the USCPA applies. The *Davidson* Court concluded that self-insured or uninsured persons and entities are not subject to the USCPA and the common law tort of bad faith, because both apply "only to persons or entities engaged in the business of insurance." *Id.* at 95-96. Based upon the holding in *Davidson,* the question of whether Owners have asserted a colorable bad faith claim against KHI depends upon whether or not KHI is engaged in the business of insurance. NAS and Owners both point to case law, including various portions of *Davidson*, in support of their respective positions.

Both NAS and the Owners cite the court's statement in *Davidson* that "[a]bsent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute," *id.* at 100, in support of their position. According to NAS, because there was no contract between the Owners and KHI, the Owners do not have a colorable bad faith claim against KHI. The Owners suggest that there need only be a contractual obligation between some parties - in this case NAS and the Owners - not necessarily between KHI and the Owners, for a bad faith claim to lie against KHI.

In attempting to determine the scope of the USCPA, the *Davidson* court examined the applicable Kentucky insurance regulations, stating that the "comprehensive regulatory scheme applies only to insurance companies and their agents in the

5

negotiation, settlement, and payment of claims made against policies, certificates or contracts of insurance," suggesting that bad faith claims can lie against the agents of insurers. In concluding its opinion, the *Davidson* court again suggested that bad faith claims may proceed against insurer's agents when it held "that the USCPA and the tort of "bad faith" apply only to those persons or entities **(and their agents)** who are 'engaged . . . in the business of entering into contracts of insurance.'" *Id.* at 102 (citing KRS 304.1-040).

Perhaps due to the ambiguity of Kentucky law on this issue, courts of this District have come down on both sides of the debate. In *Wright v. Allstate Ins. Co.,* No. 03-501 (E.D.Ky. Mar. 5, 2004), Judge Forester opined that, under *Davidson*, claims adjusters could be considered persons in the business of insurance, and thus, subject to bad faith claims. Citing the ambiguities of Kentucky law, Judge Forester held that the plaintiff had brought a colorable claim against a non-diverse defendant claims adjuster and remanded the action to state court. In *Gibson v. Am. Mining Ins. Co.*, No. 7:08cv118, 2008 WL 4602747 (E.D.Ky. Oct. 16, 2008), Judge Thapar reached a similar conclusion, finding that the ambiguities in Kentucky's bad faith law required remand to the state court because the plaintiffs had asserted at least a colorable claim against the non-diverse claims adjusters.

Judge Caldwell reached a different conclusion in *Ray Jones*

6

*Trucking, Inc. v. Kentucky Automobile Ins. Plan*, No. 3:07cv15, 2007 WL 1309616 (E.D.Ky. May 4, 2007). *Ray Jones Trucking* involved fraudulent joinder in the context of a bad faith claim, however, the bad faith claim at issue was against Kentucky Automobile Insurance Plan, which was essentially a mechanism through which individuals who could not obtain insurance on the primary market could obtain automobile insurance. Judge Caldwell concluded that the bad faith claim against Kentucky Automobile Insurance Plan was not colorable. While the undersigned granted a claims adjuster's motion to dismiss the bad faith claim against him in *Neace v. Safe Auto Ins. Co.*, No. 5:08cv143, 2008 WL 2152002 (E.D.Ky. May 21, 2008) pursuant to Fed.R.Civ.P. 12(b)(6), this matter is before the Court on a motion to remand and the issue of fraudulent joinder. "The burden of proving fraudulent joinder is even more stringent than the motion to dismiss standard under Fed.R.Civ.P. 12(b)(6)." *Gibson*, at *5 (citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 852 (3d. Cir. 1992) ("[T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder.").

There is no post-*Davidson* case from the Kentucky appellate court directly addressing whether agents of insurers can be held liable for bad faith claims. Relying on *Davidson,* the case of *Kentucky Nat. Ins. Co. v. Shaffer*, 155 S.W.3d 738 (Ky. Ct. App.

7

2004) held that for a bad faith claim to lie, there must be a contractual obligation. Much like *Davidson*, however, *Shaffer* did not delineate to whom and from whom the contractual obligation must exist.

### III.  CONCLUSION

The ambiguity in Kentucky's bad faith law must be resolved in favor of the Owners, as the non-removing party. *Coyne*, 183 F.3d at 493. NAS has not met the heavy burden required to prove the fraudulent joinder of KHI. While the Owners' bad faith claim against KHI may not ultimately prove successful, it is at least colorable. Accordingly, there is not complete diversity among the parties and this matter must be remanded to Fayette Circuit Court.

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

1) That this matter, 5:09cv49-JMH, shall be, and the same hereby is, **SEVERED** from the lead case of 5:08cv486;

2) That the Owners' Motion to Remand [Record No. 20] shall be, and the same hereby is, **GRANTED**;

3) That this matter shall be, and the same hereby is, **REMANDED TO FAYETTE CIRCUIT COURT**; and

4) That all pending motions shall be, and the same hereby are, **DENIED AS MOOT.**

This the 4th day of November, 2009.



Signed By:
Joseph M. Hood
Senior U.S. District Judge